# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**RUTH FORBES,**
**Claimant Below, Petitioner**

**FILED**

March 30, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 16-0350** (BOR Appeal No. 2050745)
                    (Claim No. 2012021365)

**GREENBRIER COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Ruth Forbes, by Patrick K. Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Greenbrier County Board of Education, by Jillian L. Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 8, 2016, in which the Board affirmed a July 31, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 29, 2014, decision which denied authorization for a right knee arthroscopy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Forbes, a bus driver, was injured in the course of her employment on December 12, 2011, when she slipped and fell on ice. Her claim was held compensable for "bilateral hands and knees". A treatment note by Jennifer Cornelius, M.D., indicates Ms. Forbes reported an injury to her left knee and thumb. Ibuprofen, ice, and rest were not helpful. Dr. Cornelius also noted that she had recently undergone a meniscal repair prior to her fall. She diagnosed trigger finger of the thumb and internal derangement of the medial meniscus. An x-ray showed mild degenerative changes in the left knee.

1

In a treatment note dated March 22, 2012, Matthew Nelson, M.D., noted that Ms. Forbes reported left knee and left hand pain. The left knee had nearly full range of motion with medial and lateral joint line tenderness. He diagnosed trigger thumb, knee strain, and chondromalacia of the knee. A left knee MRI taken on April 12 , 2012, showed a complex tear of the medial meniscus, tricompartmental osteoarthritis, chondromalacia of the patella, and a cystic lesion in the medial femoral condyle. Dr. Nelson again saw Ms. Forbes on May 24, 2012. At that time, he indicated she reported right knee pain and said that it had been present since her original fall. He diagnosed acute medial meniscus tear and chondromalacia of the left knee and gave her an injection.

In a June 1, 2012, record review, W. Sligar, M.D., was asked whether the left knee arthroscopy was medically necessary for the compensable injury. He found that pursuant to West Virginia Code of State Rules §85-20 (2006), the appropriate treatment for the compensable injury included short term use of anti-inflammatory drugs, immobilization, and physical therapy. He found that the MRI was consistent with a prior menisectomy as opposed to a new injury. He therefore recommended against authorization of the surgery. An August 8, 2012, right knee MRI showed osteochondral defect at the medial femoral condyle, a complex tear of the medial meniscus, grade 4 chondromalacia, and mild osteoarthritis.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on May 9, 2013, in which he diagnosed soft tissue injuries to both hands and knees. He found Ms. Forbes had reached maximum medical improvement and that no further treatment was necessary. He specifically stated that she suffered from a degenerative condition in both knees and that injections previously administered to her were not due to the compensable injury.

In a treatment note on September 9, 2014, Joe Pack, D.O., noted that Ms. Forbes expressed her wish to have her right knee "scoped". She stated that she noticed improvement in her left knee after surgery. She indicated that she no longer wanted injections and that therapy was unsuccessful. Dr. Pack concluded that Ms. Forbes suffered from an acute meniscal tear of the right knee and scheduled surgery. On September 15, 2014, Dr. Pack stated that her right knee joint space was narrowed. He believed she would benefit from arthroscopic surgery.

The claims administrator denied authorization for a right knee arthroscopy on October 29, 2014. Ms. Forbes underwent right knee arthroscopy on December 29, 2014. The postoperative diagnoses were internal derangement of the right knee involving a medial meniscus tear and underlying degenerative changes. Ms. Forbes returned to Dr. Pack on January 28, 2015, with complaints of medial pain and discomfort. He commented that there was a significant amount of arthritis in the medial aspect of her knee. On February 10, 2014, Dr. Pack described her recovery as excellent. Dr. Pack completed a medical statement on March 10, 2015, requesting authorization of the right knee arthroscopy. He indicated the treatment was reasonable and necessary because of internal derangement in the right knee involving a medial meniscus tear.

The Office of Judges affirmed the claims administrator's denial of the right knee arthroscopy in its July 31, 2015, Order. It found that the first issue in the case was whether Dr.

Pack was a member of the insurance carrier's managed healthcare plan. Pursuant to West Virginia Code §23-4-3 (2005), an insurance carrier can require a claimant to use the providers authorized by the managed healthcare plan. The Office of Judges ultimately determined that Ms. Forbes presented sufficient evidence, in the form of a letter dated January 15, 2015, to show that Dr. Pack was an authorized provider. The Office of Judges next looked to the issue of the treating physician. It determined that though Ms. Forbes requested authorization to change treating physicians from Dr. Nelson to Dr. Pack, there is no evidence in the record that the request was granted.

The Office of Judges next considered that Ms. Forbes did not report any right knee symptoms until six months after the compensable injury occurred. Further, an MRI revealed a medial meniscus tear and mild osteoarthritis, and Dr. Pack noted a significant amount of arthritis in the right knee. The Office of Judges found that the claim was held compensable for the general condition of bilateral hands and knees. The Office of Judges determined that regardless of Dr. Pack's status as a participant in the healthcare plan or status as the treating physician, a significant question remains as to whether the right knee condition requiring arthroscopic surgery was related to the compensable injury. It concluded that a preponderance of the medical evidence fails to establish a causal connection between the requested right knee arthroscopy and the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 8, 2016.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Dr. Mukkamala found in his independent medical evaluation that Ms. Forbes had reached maximum medical improvement for the compensable injury and required no further treatment. Dr. Sligar concluded in his review that the requested surgery was not medically necessary and reasonably related to the compensable injury. The surgery, per Dr. Pack, who requested the procedure be approved, was necessary for the treatment of a medial meniscus tear. This condition has not been held compensable in this claim. The request was therefore properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 30, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker